UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DANALEE MAIXNER and MICHAEL MAIXNER,
her husband,

        Plaintiffs,

v.                                         Case No. 3:05-cv-986-J-33TEM

UNITED STATES OF AMERICA,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the Motion for Summary Judgment (Doc. # 29) filed on September 26, 2007, by Defendant, United States of America.  The Maixners filed a response on October 24, 2007.  (Doc. # 34.)  For the reasons stated herein, the government's motion for summary judgment is DENIED.  In addition, the court grants in part Plaintiff's Motion to Extend Discovery and Substitute Personal Representative and File Amended Complaint (Doc. # 31).

**I.   Statement of Relevant Facts**

The Maixners filed this lawsuit on September 26, 2005, under the Federal Tort Claims Act.  (Doc. # 1.)  The complaint alleged that the government provided negligent medical care to Danalee Maixner while she was a military dependent in Hawaii.  (Doc. # 1.)  On August 30, 2006, the Court entered a case management and

1

scheduling order directing the parties to make their expert disclosures by September 30, 2006.  (Compare Doc. # 19 with Doc. # 18.)  On August 31, 2006, the parties jointly requested an extension of that deadline and others.  They represented that they

> have agreed to focus their efforts at this time to try to resolve Mrs. Maixner's claims informally and, if possible, before she expires.  In doing so, the parties have been in steady communication and are exchanging information informally, <u>all the while minimizing the time and expense that would be required by the formal requirements of expert reports and depositions, and of travels to Hawaii to interview and depose numerous fact witnesses</u>.

(Doc. # 21.)  The Court granted their request and directed the Maixners to make their expert disclosures and serve their expert reports by March 15, 2007.  (Compare Doc. # 23 with Doc. # 20.)

Meanwhile, Danalee Maixner died on September 26, 2006.  (Doc. # 22.)  Michael Maixner grieved with his family over the death of his wife, and was too distraught to prosecute this matter until the end of December 2006.  (Doc. # 25.)  Then, the Maixners' counsel developed a medical problem that handicapped him from January to February 2007.  (Doc. # 25.)  In February, counsel retained a Florida lawyer specializing in estate matters to ensure Michael Maixner was appointed as his late wife's personal representative.  (Doc. # 25.)  Counsel represented that he expected the appointment would be made by the end of March 2007.  (Doc. # 25.)  Thus, the Maixners requested an extension of time for filing a substitution of parties.  (Doc. # 25.)  They also requested a ninety-day

2

extension of all other deadlines.  (Doc. # 25.)  The Court granted both requests.  (Doc. # 27.)  As a result, the Maixners' expert disclosures were due on June 15, 2007.  (Doc. # 29.)

The Maixners did not meet this deadline.  (Doc. # 29, at 5.) There is some dispute surrounding the reason for this failure.  The Maixners' counsel represents that Danalee Maixner's will was poorly prepared by a military legal services office.  (Doc. # 31-2, at 2.) As a result, Danalee's estate was not opened until August 27, 2007. (Doc. # 31-2, at 2.)  The Maixners' counsel represents that the government objected to conducting further discovery in this case until a personal representative was appointed.  (Doc. # 31-2, at 3.)  The government disputes this, asserting that it never made such an objection.  (Doc. # 32, at 2.)  The Maixners' counsel responds to the government's assertion with a declaration certifying that the government indicated it was unwilling to do any more factual discovery until a personal representative was appointed.[1]  (Doc. # 33, at 2-3.)  The Maixners' counsel avers that the government made its objection when the Maixners' counsel contacted the government's counsel about scheduling a deposition of Danalee Maixner's oncologist in Jacksonville.  (Doc. # 33, at 2-3.)

**II.  The Government's Motion for Summary Judgment**

On September 26, 2007, the government filed its motion for

---

[1] It is unclear how the government's objection to factual discovery could have prevented the Maixners from disclosing their expert.

3

summary judgment arguing that the Maixners cannot prove their case. (Doc. # 29, at 5.)  The government explains that Hawaii law governs this particular case because the alleged medical malpractice occurred in Hawaii.  (Doc. # 29, at 4.)  The government correctly points out that Hawaii law requires expert testimony to prove medical malpractice.  See, e.g., Todd v. Shankel, 83 F. App'x 952, 953-54 (9th Cir. 2003).

In their response, the Maixners simply request additional time to conduct discovery.  (Doc. # 34, at 2 (opposing summary judgment "for the reasons contained in the plaintiff's motion to extend discovery").)  Consequently, the question before the Court is whether the Maixners should be granted additional time to make expert disclosures.  If so, summary judgment must be denied.  If not, summary judgment must be granted.

**III. The Court Grants Additional Time to Conduct Discovery**

To decide this question the Court must rule on a portion of Plaintiff's Motion to Extend Discovery and Substitute Personal Representative & File Amended Complaint (Doc. # 31) filed on October 6, 2007.  The Court must rule on the portion of this motion that requests an extension of discovery and other deadlines.

Under Rule 6(b), Federal Rules of Civil Procedure, the Court may extend a deadline for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  In this case, the Maixners

4

filed their motion nearly four months after the deadline to make their expert disclosures. (Doc. # 31.) As a result, the Court can grant the requested extension only if the Maixners' failure to make expert disclosures was the result of excusable neglect.

"[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993) (internal quotation marks and footnotes omitted). The decision whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's ommission." Id. at 395 (determining meaning of term "excusable neglect" in context of bankruptcy rule). The Court should consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) (alteration in original) (quoting Pioneer Inv. Servs. Co.) (applying Pioneer analysis in context of Rule 4(a)(5), Federal Rules of Appellate Procedure). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." Id.

In the case at bar, an extension poses little danger of prejudice to the government. The Court will grant the government sufficient time before trial to study any experts and expert reports the Maixners present. The Court cannot discern any other risk of prejudice, and the government has not argued that it would suffer any prejudice at all (see Doc. # 32). The delay in this case has been lengthy, but the Court will take steps to minimize its adverse impact on judicial proceedings. Specifically, the Court instructs the Maixners that it will not grant any more extensions.

In conducting the essentially equitable evaluation of all the relevant circumstances, the Court concludes that the Maixners' failure to serve expert disclosures and reports was the result of excusable neglect. Thus, the Court extends the deadlines in this case. The Maixners must serve their expert disclosures and reports in full compliance with Rule 26(a)(2) by February 15, 2008. No further extensions will be granted. The government shall serve its expert disclosures and reports by March 17, 2008. Either party may submit expert rebuttal reports by April 4, 2008. All discovery must be completed by April 11, 2008. Any dispositive motions must be filed by May 9, 2008. The final pretrial conference is set for June 26, 2008, at 9:30 a.m. Trial is scheduled for the August 2008 trial term.

**IV. Conclusion**

Because the Court has granted the Maixners limited additional time to serve their expert disclosures and reports, the government's motion for summary judgment must be denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant United States of America's Motion for Summary Judgment (Doc. # 29) is **DENIED**.

2. Plaintiff's Motion to Extend Discovery and Substitute Personal Representative and File Amended Complaint (Doc. # 31) is **GRANTED** only to the limited extent that the following case management schedule is imposed:

   (a) The Maixners shall serve their expert disclosures and reports in full compliance with Rule 26(a)(2) by February 15, 2008.

   (b) The government shall serve its expert disclosures and reports by March 17, 2008.

   (c) Either party may submit expert rebuttal reports by April 4, 2008.

   (d) All discovery must be completed by April 11, 2008.

   (e) Any dispositive motions must be filed by May 9, 2008.

   (f) The final pretrial conference is set for June 26, 2008, at 9:30 a.m., in Courtroom 10D, United States

District Court, 300 North Hogan Street, Jacksonville, Florida.

(g) Trial is scheduled for the trial term beginning August 4, 2008, at 9:00 a.m., in Courtroom 10D, United States District Court, 300 North Hogan Street, Jacksonville, Florida.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 14th day of December 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record